IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| W. CLARK APOSHIAN,<br><br>Appellant,<br><br>v.<br><br>MERRICK B. GARLAND, et al.<br><br>Appellees. | No. 23-4141 |

**JOINT MOTION TO PLACE APPEAL IN ABEYANCE**

The parties respectfully move to place this appeal in abeyance pending the Supreme Court's decision in *Garland v. Cargill*, No. 22-976.

1. This case is a challenge to a 2018 rule concluding that firearms accessories known as "bump stocks" are machineguns under Federal law. The case was previously before this Court on an appeal from the denial of a preliminary injunction, and this Court affirmed. *See Aposhian v. Barr*, 958 F.3d 969 (10th Cir.); *opinion vacated and reh'g granted*, 973 F.3d 1151 (10th Cir. 2020); *reinstated on reh'g*, 989 F.3d 890 (10th Cir. 2021), *cert. denied*, 143 S. Ct. 84 (2022).

2. Courts of appeals have reached divergent conclusions about the interpretation announced in the 2018 rule. On November 3, 2023, the Supreme Court granted certiorari in *Garland v. Cargill*, No. 22-976, in which the en banc Fifth Circuit held that bump stocks do not qualify as machineguns. *See __ S. Ct. __*, 2023

WL 7266996 (Nov. 3, 2023); *Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023). The question presented in *Cargill* is "[w]hether a bump stock device is a 'machinegun' as defined in 26 U.S.C. 5845(b) because it is designed and intended for use in converting a rifle into a machinegun, i.e., into a weapon that fires 'automatically more than one shot . . . by a single function of the trigger.'" Pet. for Writ of Cert. at I, *Garland v. Cargill*, No. 22-976 (U.S. Apr. 6, 2023).

     3. The Supreme Court's resolution of *Cargill* is highly likely to control the outcome of this appeal, given that plaintiff's suit here challenges the same 2018 rule at issue in *Cargill* and likewise asserts that such devices are not machineguns under Federal law. The parties therefore respectfully move to place this appeal in abeyance pending the Supreme Court's decision in *Cargill*. An abeyance will conserve the resources of the Court and the parties while the Supreme Court resolves the central question in this case. The parties propose to file statements regarding how this appeal should proceed within 30 days of the Supreme Court's decision.

                                        Respectfully submitted,

| | |
|---|---|
| /s/ *Richard A. Samp* | MARK B. STERN |
| Richard A. Samp | MICHAEL S. RAAB |
| New Civil Liberties Alliance | |
| 1225 19th Street NW, Suite 450 | /s/ *Brad Hinshelwood* |
| Washington, DC 20036 | BRAD HINSHELWOOD |
| 202-869-5210 | (202) 514-7823 |
| rich.samp@ncla.legal |   Attorneys, Appellate Staff |
| |   Civil Division |
| |   U.S. Department of Justice |
| |   950 Pennsylvania Ave., N.W. |
| |   Room 7256 |
| |   Washington, D.C. 20530 |

NOVEMBER 2023

## COMBINED CERTIFICATES

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 353 words. This motion was prepared using Microsoft Word 2013 in Garamond, 14-point font, a proportionally-spaced typeface.

No privacy redactions were required in this document. In addition, this motion was scanned for viruses using CrowdStrike Falcon Sensor, version 7.04.17605.0, and was found to be free of viruses.

/s/ *Brad Hinshelwood*
Brad Hinshelwood